## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 17-19898 TBM |
| WILD CALLING PET FOODS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEFFREY L. HILL, Chapter 7 Trustee, | ) | Adversary Proceeding No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ARGUS CAPITAL FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Jeffrey L. Hill, chapter 7 trustee, by and through his undersigned counsel, for his Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

5. Wild Calling Pet Foods, LLC ("Debtor") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 25, 2017 (the "Petition Date").

6. The Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code on March 29, 2018 (Docket No. 133).

7. Jeffrey L. Hill ("Trustee") is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

8. Defendant Argus Capital Funding, LLC ("Defendant") is a New York limited liability company with its principal place of business at 25 Columbus Circle, Suite 64F, New York, NY 10019 or 104 East 25th St., Floor 10, New York, NY 10010.

9. Debtor made payments to or for the benefit of Defendant during the 2-year period before the Petition Date, including, but not limited to, payments totaling $61,694.14 during the 90-day period before the Petition Date (the "Preference Period"). Such payments are collectively referred to herein as the "Pre-Petition Payments."

10. The Pre-Petition Payments were made to pay an antecedent debt owed by Debtor to Defendant.

11. The Pre-Petition Payments were made for inadequate consideration.

12. The Pre-Petition Payments were "transfers" as that term is defined in Section 101(54) of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF
### (Avoidable transfer under 11 U.S.C. § 547(b))

13. Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 12 above as though more fully set forth in this Claim for Relief.

14. The Pre-Petition Payments were made to or for the benefit of Defendant.

15. At the time the Pre-Petition Payments were made, Defendant was a creditor of the Debtor.

16. The Pre-Petition Payments were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

17. The Pre-Petition Payments were made while the Debtor was insolvent.

18. Certain of the Pre-Petition Payments were made on or within ninety days of the Petition Date.

19. The Pre-Petition Payments enabled Defendant to receive more than Defendant would receive if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Pre-Petition Payments had not been made; and (c) Defendant received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding the Pre-Petition Payments made during the Preference Period pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided transfers or the value thereof from Defendant; and (c) granting such other relief as the Court deems appropriate.

### SECOND CLAIM FOR RELIEF
**(Fraudulent Transfers—11 U.S.C. § 548(a)(1)(B))**

20. Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 19 as though more fully set forth in this First Claim for Relief.

21. Under 11 U.S.C. § 548(a)(1)(B), Trustee may avoid any transfer of an interest of a debtor in property made within two years of the Petition Date if the debtor received less than a reasonably equivalent value for the transfer and "(I) was insolvent on the date that such transfer was made  or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or] (III)  intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

22. Debtor made the Pre-Petition Payments within two years of the Petition Date.

23. Debtor did not receive reasonably equivalent value in exchange for the Pre-Petition Payments.

24. On the date such Pre-Petition Payments were made, Debtor was either:

    a. insolvent or became insolvent as a result of the payments;

    b. engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or,

    c. intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

25. As a result of the foregoing, certain of the Pre-Petition Payments are avoidable by Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

26. If any Pre-Petition Payments are avoided pursuant to 11 U.S.C. § 548(a)(1)(B), Trustee may recover, under 11 U.S.C. § 550(a), the property transferred or the value of said property.

27. Through discovery it may become known that additional payments were made by Debtor to Defendant during the two-year period before the Petition Date. Trustee asserts that all or a portion of such additional payments may be avoidable by the Trustee under 11 U.S.C. § 548 and are included in the definition of transfers or "Pre-Petition Payments."

WHEREFORE, Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding the Pre-Petition Payments pursuant to 11 U.S.C. § 548(a)(1)(B); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the property or the value thereof as set forth herein; and (c) granting such other relief as the Court deems just and appropriate.

Dated this 24th day of October, 2019.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

/s/David J. Warner
David J. Warner, #38708
2580 W. Main St., Ste. 200
Littleton, CO 80120
303-296-1999 / 303-296-7600 FAX
dwarner@wgwc-law.com
Attorneys for the Plaintiff/Chapter 7 Trustee